IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOYAN QIAN,<br><br>            Plaintiff,<br>v.<br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br>            Defendants. | Case No. 25-cv-345<br><br>**FILED UNDER SEAL** |

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff Xiaoyan Qian, ("Plaintiff"), by and through her undersigned counsel, files this action against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint for damages and injunctive relief (collectively, "Defendants"). Plaintiff files this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized, unlicensed and infringing versions of Plaintiff's Patented Design in Exhibit 1 to the Complaint (the "Infringing Products"). Defendants have offered for sale, sold, and distributed the Infringing Products within this district and throughout the United States by operating e-commerce stores using their respective Store Names and Seller Names set forth on Schedule "A" hereto (collectively, the "Seller IDs"). As set forth below, Defendants, without authorization, are using Plaintiff's Design Patent in Exhibit 1 to the Complaint ("Plaintiff's Design Patent") by, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale and/or selling products bearing unlicensed and infringing versions of Plaintiff's Design Patent. Plaintiff is forced to file this action to combat Defendants' infringement of her patent-protected invention, as well as to protect unknowing consumers from purchasing the Infringing Products

over the Internet. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement of Plaintiff's patent and, therefore, Plaintiff seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for the injury he has sustained and is sustaining.

Plaintiff submits this motion to file under seal the its documents associated with the above referenced action including without limitation the following: (1) Motion to Seal; (2) Complaint, Schedule A to the Complaint, Exhibit Index and Exhibits 1-5 thereto; (3) Plaintiff's Ex Parte Motion for Temporary Restraining Order Including Temporary Injunction, Temporary Asset Restraint, Order To Show Cause Why A Preliminary Injunction Should Not Issue, Expedited Discovery and Proposed Order; (4) Memorandum of Law in Support of Plaintiff's Ex Parte Motion for Temporary Restraining Order Including Temporary Injunction, Temporary Asset Restraint, Order to Show Cause Why A Preliminary Injunction Should Not Issue, and Expedited Discovery; (5) Plaintiff's Ex Parte Motion to Authorize Electronic Service of Process under Fed. R. Civ. P. 4(f)(3) and Proposed Order; (7) Memorandum of Law in Support Of Plaintiff's Ex Parte Motion to Authorize Electronic Service of Process under Fed. R. Civ. P. 4(f)(3); (8) Declaration of Michael Mitchell in support of Plaintiff's Motion for Temporary Restraining Order and Motion to Authorize Alternate Service of Process; (9) all filings accompanying the foregoing including case initiating filings; and (10) any Orders entered by the Court granting the above-referenced Motions. Good cause exists to file the foregoing documents under seal. Several courts, including Courts in this judicial district, have granted the requested relief in similar cases based on, inter alia:

i. Defendants' control of their pseudo-anonymous fully interactive, commercial internet stores operating under at least the Store Names and Seller Aliases set forth on Schedule "A" to the Complaint (the "Seller IDs") associated with the Defendants' online storefronts.

ii. Defendants' likelihood to (1) change the ownership of or modify the data and content of their Seller IDs, (2) change payment accounts, (3) redirect consumer traffic to other seller e-commerce storefronts, and (4) transfer assets between accounts connected to or not associated with the Seller IDs.

iii. Defendants' likelihood to make modifications to their e-commerce storefronts and/or transfers from their accounts in a short period of time and, on information and belief, will do so immediately after receiving notification of this action.

iv. If given the opportunity, Defendants will immediately transfer and/or hide the funds and assets associated with the Seller IDs after receiving notice of Plaintiff's Complaint unless the injunctive relief is granted through ex parte filings. If Defendants are given such opportunity, it will alter the status quo and likely eliminate the Court's ability to grant any meaningful relief to Plaintiff.

In view of the foregoing and Defendants' unlawful conduct as set forth in the Complaint, Plaintiff contends that Defendants will undoubtedly transfer and/or hide their assets rather than maintain them for discovery and recovery. *See, e.g., Jacki Easlick, LLC v. CJ Emerald, et al.,* No. 2:23-cv-02000 WSS, ECF No. 12 (W.D. Pa. Nov. 20, 2023) (granting motion to seal); *Doggie Dental Inc. v. Go Well*, No. 2:19-cv-01282-MRH, ECF No. 5 (W.D. Pa. Oct. 9, 2019) (same); *see also XYZ Corp. v. The P'Ships and Uninc. Assoc. Identified on Schedule A*, No. 1:21-cv-06471, 2022 U.S. Dist. LEXIS 10466, at *5 (N.D. Ill. Jan. 20, 2022) ("[I]n the ordinary Schedule A case, plaintiffs are routinely permitted to keep the defendants' identities under seal until the plaintiffs'

inevitable requests for temporary restraining orders and asset restraints have been adjudicated (and they are nearly always granted).").

Accordingly, Plaintiff respectfully requests that the filings in this action remain under seal until at least the Order on Plaintiff's Ex Parte Motion for Temporary Restraining Order Including Temporary Injunction, Temporary Asset Restraint, Order to Show Cause Why A Preliminary Injunction Should Not Issue and Expedited Discovery, or until further Order of the Court.

A Proposed Order granting this motion is submitted herewith.

Date: March 7, 2025

Respectfully submitted,

By: /s/ Michael Mitchell
Michael Mitchell ARDC 6324363
Shengmao (Sam) Mu, NY #5707021
Abby Neu ARDC 6327370
Keaton Smith ARDC 6347736
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: mmitchell@whitewoodlaw.com

*Counsel for Plaintiff*